IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CURTIS GREGORY

Plaintiff,

v.

ANTONIO MAEZ, and
ANDREW ROTH

Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Curtis Gregory, by and through his attorney, Raymond K. Bryant of the

Civil Rights Litigation Group, PLLC, hereby states and alleges as follows:

**INTRODUCTION**

1.      This is a civil rights action seeking damages against two Adams County

Sheriff's Deputies, who overzealously used excessive force and wrongful criminal

accusations to injure on a man who wanted nothing more than to avoid voluntary contact

initiated by the deputies.

2.      The deputies had arrived at the apartment complex where Plaintiff lived

on a completely unrelated civil eviction matter and purportedly heard Plaintiff verbally

arguing with his wife through his front door. Plaintiff then emerged and attempted to

leave the apartment, but was blocked by the deputies. The deputies asked Mr. Gregory if

"there was a problem" to which Mr. Gregory said no, he just wanted to leave. But this

answer did no satisfy the deputies, who became unreasonably upset that Mr. Gregory would not talk to them. When Mr. Gregory attempted to walk around the deputies, they unreasonably grabbed him, slammed him to the ground, punched/kicked/kneed him multiple times, Tasered him multiple times, and charged him with crimes he did not commit - including assault on a police officer and obstruction.

3.      Plaintiff seeks compensation for the physical, dignitary, and emotional injuries that he suffered, and punitive sanctions to punish the deputies for their flagrant abuse of their authority and disregard of his Constitutional rights.

## JURISDICTION AND VENUE

4.      This action arises under the Constitution and laws of the United States, and 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in the District of Colorado because the incidents and resulting injuries to the Plaintiff giving rise to this action occurred in Adams County, Colorado.

## PARTIES

6.      Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

7.      Plaintiff Curtis Gregory was at all times relevant to the claims set forth herein a resident of the State of Colorado.

8.      Defendant Deputy Antonio Maez was, at all times relevant to the subject matter of the claims in this action, employed as a Sheriff's Deputy by the Adams County Sheriff's Department, and acted under color of state law. He is identified in his

individual capacity.

9.      Defendant Deputy Andrew Roth was, at all times relevant to the subject matter of the claims in this action, employed as a Sheriff's Deputy by the Adams County Sheriff's Department, and acted under color of state law. He is identified in his individual capacity.

## FACTUAL BACKGROUND

10.      Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

11.      On July 30, 2015, the Defendant deputies arrived at Plaintiff's apartment complex to address a request for civil eviction of a different, unrelated, tenant.

12.      Plaintiff Gregory saw the officers at a different apartment and saw an opportunity to file a complaint about a bug infestation with the apartment complex, while police officers witnessed.

13.      Plaintiff asked the officers to speak with the apartment manager and the officers permitted a discussion between Plaintiff and the apartment manager for a limited time, before telling Plaintiff that he would have to speak with the manager further at a later time.

14.      Plaintiff returned to his apartment and got into a verbal argument with his wife about the matter.

15.      The Defendant Deputies allegedly heard yelling through Plaintiff's front door and walked over to the door to listen to the argument.

16.      Almost immediately, Plaintiff opened the front door and began to walk

out.

17.    As Plaintiff was walking out the door, the Deputies blocked his exit and asked him "is there a problem" to which Plaintiff answered "I need to leave."

18.    The Defendant deputies appeared upset that Plaintiff was not interested in talking with them.

19.    As Plaintiff attempted to walk around the deputies who had blocked his path of egress, Defendant Roth grabbed Plaintiff by the neck, spun him around, and held him in a headlock until Plaintiff put his hands up and went limp.

20.    Plaintiff was completely surprised and caught off-guard by the act of violence.

21.    Deputy Maez punched Plaintiff in the face and chest.

22.    The Defendant Deputies then each Tasered Plaintiff repeatedly on his side and back.

23.    Plaintiff fell to the ground as the deputies continued to punch, knee, and/or kick him.

24.    Plaintiff did not, at any time during the altercation, fight back or otherwise attempt to injure either of the deputies.

25.    On the ground, Plaintiff saw one of the deputies' radio fall near him. Plaintiff grabbed the radio and yelled into it that he was being assaulted and needed help.

26.    The officers handcuffed Plaintiff and dragged him down the stairs. They placed him in the squad car and left him there (windows rolled up), without ventilation,

for a period of at least 15 minutes in the sweltering summer heat.

27.     At some point, Plaintiff passed out/blacked out from heat exhaustion/dehydration.

28.     The Defendant Deputies gave false accounts of the incident, alleging that Plaintiff attempted to attack the officers, and then, without basis, charged Plaintiff with assault on a police officer and obstruction.

29.     Plaintiff was detained by the Adams County Sheriff's Department for two days on the false charges.

30.     During the following criminal prosecution, the criminal court found that the deputies did not have reasonable articulable suspicion for the originating stop/detention of Mr. Gregory.

31.     Plaintiff suffered physical injuries, lost liberty, emotional distress, and dignitary injuries from the incident and the resulting wrongful criminal prosecution.

### FIRST CLAIM FOR RELIEF
*42 U.S.C. § 1983 Fourth Amendment Violations – Wrongful Stop/Detention*
**(Against Both Defendants)**

32.     Plaintiff hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs of this Complaint.

33.     The Defendant Deputies, together, wrongfully seized, detained, and confined Plaintiff Gregory outside of his apartment as he opened the front door and attempted to leave blocking his exit, and then used force when Plaintiff attempted to go around the officers.

34.     At the time Defendants seized, detained, and otherwise confined Plaintiff,

they did not have reasonable suspicion or probable cause to believe Plaintiff had engaged in any crime. From their perspective, Mr. Gregory, had, at most, yelled (or was yelled at), during an argument with his wife, behind closed doors, in the privacy of his home.

36. During this time, Plaintiff was confined by the Defendants within a limited space, enforced by obstructive and forceful acts, and was not permitted to leave after a reasonable time.

36. In order to attempt to illusory justify the officers' wrongful seizure and assault, Defendant Roth and/or Maez made false assertions of fact regarding Plaintiffs' conduct.

37. The actions as described herein of Defendant officers, individually and/or in conjunction and cooperation for a common purpose under color of state law, deprived Plaintiffs of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom from unreasonable seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America, made actionable pursuant to 42 U.S.C. §1983, and were the proximate cause of Plaintiff's injuries, including loss of liberty, physical and emotional harm, and dignitary injuries, as well as economic injuries involved with the wrongful arrest and criminal charges that necessarily followed.

**SECOND CLAIM FOR RELIEF**
*42 U.S.C. § 1983 Fourth Amendment Violation – Excessive Force*
**(Against Both Defendant Deputies)**

38. Plaintiff hereby incorporate by reference, as though fully set forth herein,

each and every allegation contained in the preceding Paragraphs of this Complaint.

39.     Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

40.     Defendant Deputies both intentionally and knowingly, applied unnecessary, unreasonable, and excessive force to Plaintiff Gregory.

41.     The actions detailed above were performed without legal justification or purpose; they were not necessary for any legally justifiable seizure. There was no legal basis for the officers' seizure that confined Plaintiff while the officers demanded answers to their questions, nor the force that followed.

42.     Even if the conduct described above were used in conjunction with a legally cognizable seizure or detention, the force used was wholly unnecessary and reached a level above and beyond that needed to effectuate any legally recognizable detention. Any arguable need for such force was created by the conduct of the deputies and fundamentally unreasonable under the circumstances.

43.     The actions as described herein of Defendant officers, while acting under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom from unreasonable seizure as guaranteed by the Fourth Amendment to the

Constitution of the United States of America, made actionable pursuant to 42 U.S.C

1983, and was the motivating and proximate cause of Plaintiff's injuries, including

physical, emotional, economic, and dignitary harms.

### THIRD CLAIM FOR RELIEF
*42 U.S.C. § 1983 – Fourth Amendment Claim - Malicious Prosecution and*
*Fabrication of Evidence*
**(Against Both Defendant Deputies)**

44.     Plaintiff incorporates by reference, as though fully set forth herein, each

and every allegation contained in the preceding paragraphs of this Complaint.

45.     The Defendant Deputies did not have probable cause to believe Mr.

Gregory had committed the crimes of assault on a police officer or obstruction, but

criminally charged him, exaggerated their version of the events, and made false

statements that ensured his prosecution for such crimes, anyway.

46.     The Defendant deputies knew or should have known that claiming they

saw Mr. Gregory attack the officers and/or obstruct a lawful police activity would result

in his wrongful criminal prosecution.

47.     Despite this knowledge, the Defendant Deputies gave oral and written

statements to other law enforcement officers, the prosecutor, and the court asserting that

Mr. Gregory attacked them and obstructed them, so that the officers could attempt to

cover up, conceal or otherwise superficially justify the Defendants' wrongful

stop/detention and unnecessary use of unprovoked force.

48.     The criminal court found that there was not reasonable suspicion for the

officer's original stop/detention of Plaintiff. Thus, the resulting actions of the officers

were not predicated on a legal stop, nor could their actions have been lawfully obstructed or provided a basis to use force. The assault and obstruction charges were eventually dismissed.

49.     The actions as described herein of the Defendant Deputies, under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom from unreasonable seizure and to due process as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, made actionable pursuant to 42 U.S.C. §1983, and was the motivating and proximate cause of Plaintiff's injuries, including physical, emotional, economic, and dignitary harms..

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in his favor and against all Defendants for compensatory damages, as referenced above, for punitive damages, for interest as allowed by law, for costs, expert witness fees, and reasonable attorney fees as allowed by statute or as otherwise allowed by law, and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS TRIAL TO
A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 25th day of January, 2017.

Civil Rights Litigation Group, PLLC

*s/  **Raymond K. Bryant***
Raymond K. Bryant

1391 Speer Blvd., Suite 705
Denver, CO 80204
P:  720-515-6165
F:  303-534-1949
Raymond@rightslitigation.com