# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00225-WYD-MEH

CURTIS GREGORY,

    Plaintiff,

v.

ANTONIO MAEZ, and
ANDREW ROTH,

    Defendants.

_____

## STIPULATED PROTECTIVE ORDER
_____

    This Protective Order shall apply to all information, documents, and things subject to discovery in this action, whether produced by a party or third party, including, without limitation: documents and information produced pursuant to Rule 26, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

    1.    "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named.[1]

---

[1] *See Waters v. City & County of Denver*, 2013 U.S. Dist. LEXIS 2681, at *4 (D. Colo. Jan. 8, 2013) (Boland, J.) (striking similar language from parties' proposed stipulated protective order).

2. Information designated as confidential must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

3. When Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced;

    b. imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purposes of this litigation and not for any other purpose;

    b. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

      (i)      attorneys actively working on this case;

      (ii)      persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

      (iii)      the Parties and designated representatives of Adams County, Colorado;

      (iv)      expert witnesses and consultants retained in connection with this litigation and their staffs, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

      (v)      the Court and its employees;

      (vi)      stenographic reporters who are engaged in this litigation;

      (vii)      deponents and witnesses who execute the attached Exhibit A; and

      (viii)      other persons by written agreement of the Parties.

5.     The party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original declarations signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

6.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions

deemed appropriate by the Court. To the extent that such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom documents were sent will not need to be disclosed, unless the Court orders such disclosures, and then the names will be disclosed to the Court only, *in camera*.

7.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

8.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

9.      A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fourteen (14) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the

information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

10. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. In addition, any pleadings or briefs quoting or discussing any information designated as "Confidential" will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the party seeking to file such information under seal.

11. In the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party once the receiving party discovers or is informed that such inadvertent disclosure occurred, and without any copies or notes regarding said information/documentation being retained by those who have received the inadvertent disclosure. Further, no recipient of inadvertently disclosed information or documentation shall knowingly utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation. The inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

12. Within thirty (30) days after the conclusion of this action, including any appeals, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be returned to the producing party, destroyed, or stored by counsel in a manner subject to this Protective Order and which will preclude others, including the parties and their agents (other than undersigned counsel), from obtaining such documents.

Moreover, copies of all deposition transcripts referring to Confidential documents shall be sealed by counsel.

13. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. Nothing in this Protective Order shall relieve any party of its obligation under Fed. R. Civ. P. 26(b)(5) to prepare and provide a privilege log.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and the opportunity for them to be heard.

Dated and entered this 19th day of September, 2017.

BY THE COURT:

*Michael E. Hegarty*

_____
Michael E. Hegarty
United States Magistrate Judge

The parties hereby agree to the above Protective Order entered by the Court.

| | |
|---|---|
| s/Raymond K. Bryant | s/Christopher P. Soper |
| Civil Rights Litigation Group, PLLC | Christopher P. Soper |
| 1543 Champa Street, Suite 400 | Assistant County Attorney |
| Denver, Colorado 80202 | Adams County Attorney's Office |
| Phone: (720) 515-6165 | 4430 S. Adams County Pkwy |
| Fax: (720) 465-1975 | 5th Floor, Suite C5000B |
| Raymond@rightslitigation.com | Brighton, CO  80601 |
| *Attorney for Plaintiff* | Phone:  (720) 523-6116 |
| | Fax:  (720) 523-6114 |
| | csoper@adcogov.org |
| | *Attorney for Defendants Antonio Maez and Andrew Roth* |

# EXHIBIT A

## Declaration

I, _____, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I have read the Protective Order in *Curtis Gregory v. Antonio Maez and Andrew Roth*, United States District Court for the District of Colorado, Civil Action No. 17-cv-00225-WYD-MEH, a copy of which is attached to this Declaration.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording devise any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

Dated: _____      _____
                                                                PRINT NAME

                                                                _____
                                                                  SIGNATURE